**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **DAYRIN LEMOND ROBINSON,** ) <br> **ID #01220907,** ) <br>       **Plaintiff,** ) <br> vs. ) <br> ) <br> **DALLAS COUNTY CLERK OFFICE,** ) <br> **ET AL.,** ) <br>       **Defendants.** ) | No. 3:16-CV-705-L-BH <br><br><br><br><br><br><br> Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for screening. Before the Court is the plaintiff's *Application to Proceed In Forma Pauperis*, filed March 2, 2016 (doc. 2). Based on the relevant filings and applicable law, the application should be **DENIED**, and the case should be dismissed for failure to prosecute or follow court orders.

**I. BACKGROUND**

On March 2, 2016, the *pro se* prisoner plaintiff filed this action and submitted an application to proceed *in forma pauperis* (IFP). (*See* docs. 1, 2.) By order dated March 16, 2016, the Court found that the application did not provide enough information for determination of whether IFP status was appropriate because the required certificate of inmate trust account attached to the motion was unsigned. (*see* doc. 8.) The order directed the plaintiff to file a properly signed and completed certificate of inmate trust account within thirty days and specifically warned that failure to do so would result in a recommendation that the case be dismissed. (*Id.*) On April 1, 2016, the plaintiff responded to the order by filing what he titled as a certificate of inmate trust account, but the document did not contain any information regarding his inmate trust account. (*See* doc. 9.) On April 4, 2016, the Court issued a second order directing the plaintiff to file a properly signed certificate of inmate trust account within thirty days. (doc. 10.) It again specifically warned that

failure to do so would result in a recommendation that the case be dismissed. (*Id.*) More than thirty days have passed, but the plaintiff has not filed a certificate of inmate trust account or anything else in this case.

## II. IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, the plaintiff did not provide sufficient information to show that he is entitled to IFP status. He did not show that he has any demands on his financial resources or that he will suffer undue financial hardship after payment of the required $350.00 filing fee.[1] His application to proceed *in forma pauperis* should therefore be denied.

## III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff

---

[1] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $50 administrative fee will not be deducted. *Id.*

failed to comply with the April 4, 2016 order that he submit a properly signed certificate of inmate trust account despite a warning that failure to do so could result in dismissal of the case. He has not filed anything else. Because he failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed.

## IV. RECOMMENDATION

The plaintiff's application to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders, unless he either pays the filing fee or submits the required certificate of inmate trust account within the time for objecting to this recommendation or some other deadline set by the Court.

**SIGNED this 14th day of June, 2016.**

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3